IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>A) ONE URBAN LOT LOCATED AT:<br>CC-22 URB. SANTIAGO IGLESIAS<br>PANTIN, GUAYNABO, P.R.<br><br>"URBANA: Solar marcado con el número (22) de la manzana "CC" del plano de inscripción de la Urbanización Santiago Iglesias Pantín, radicada en el Barrio Frailes de Guaynabo, Puerto Rico, con un área superficial de Trescientos Doce Metros Cuadrados (312.00). Colinda por el Norte, con el solar número catorce (14), distancias de trece metros (13.00); por el Sur, con la calle número catorce (14) distancias de trece metros (13.00); por el Este, con el solar número veintiuno (21), distancia de veinticuatro metros (24.00) y por el Oeste, con el solar número veintitres (23), distancia de veinticuatro metros (24.00). Contiene una casa de una sola planta de concreto que consta de dos (2) dormitorios, sala, comedor, cocina, baño, balcón y marquesina.<br><br>Inscrita al folio 148 vuelto del Tomo 93 de Guaynabo, finca número 8,906, Sección de Guaynabo"<br><br>Defendant | CIVIL 05-1731CCC |

## O R D E R

On July 1, 2005 the United States filed a verified complaint for forfeiture in rem against One Urban Lot located at CC-22, Urb. Santiago Iglesias Pantín, Guaynabo, P.R., more fully described in the caption and supporting affidavit for seizure of the property attached as Exhibit A to the complaint. Potential claimant Edwin Colón-Díaz was served on July 11, 2005. On August 12, 2005 he filed an unverified Answer to Verified Complaint for Forfeiture in Rem (**docket entry 13**) which does not comply with Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Although in United States v. One Urban Lot Located

CIVIL 05-1731CCC                                      2

<u>at 1 Street A-1, Valparaíso, Bayamón, Puerto Rico</u>, 885 F.2d 994, 999 (1st Cir. 1989), the First Circuit Court of Appeals concluded that "where the claimant timely filed a **verified** answer containing all the information required in the claim, the answer may be deemed to have fulfilled the function of a claim in establishing the owner's standing."  Contrary to that case, in the case before us, the answer filed on August 12, 2005 cannot be deemed to have fulfilled the function of a claim pursuant to Rule C(b)(a) since it failed to comply with its requirements in that it was not verified, and the attorney did not state the authority that he had to file a statement in a right against the property on behalf of Edwin Colón.

The United States filed a Motion to Strike (**docket entry 14**) on August 17, 2005 raising these deficiencies.  On August 30, 2005, without ever having requested an extension of time to file the claim beyond the thirty-day limitation of Rule C(b)(a)(1), Colón filed another claim, which appears at page 2 of the Motion Submitting Claim (**docket entry 16**) where for the first time, he submits it under penalty of perjury.  This untimely claim bears his signature. Three days later, he filed an opposition to the Motion to Strike (**docket entry 17**) referring his August 12, 2005 answer to verified complaint for forfeiture in rem which was not verified, yet contending that this document was submitted under penalty of perjury.

Since the August 12, 2005 answer was not verified and since the one verified claim was untimely submitted on August 30, 2005 without having asked for additional time to do so, the Motion to Strike the Answer (**docket entry 14**) submitted on August 17, 2005 is GRANTED.  Consequently, the untimely verified claim filed under penalty of perjury without leave of court (**docket entry 16**) submitted is STRICKEN.

SO ORDERED.

At San Juan, Puerto Rico, on October 31, 2005.

                                                             S/CARMEN CONSUELO CEREZO
                                                             United States District Judge